NOTICE
*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite
such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CLINTON HILER, | ) | |
| | ) | Supreme Court No. S-19261 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-23-02198 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| U.S. BANK, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2118 – November 19, 2025 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third
Judicial District, Palmer, Kristen C. Stohler, Judge.

Appearances:  Clinton Hiler, pro se, Willow, Appellant.
Benjamin J. Mann and Lewis N. Stoddard, Halliday Watkins
& Mann, P.C., Boise, for Appellee.

Before:  Carney, Chief Justice, and Borghesan, Henderson,
Pate, and Oravec, Justices.

## I.     INTRODUCTION

A man appeals the superior court's order upholding foreclosure on his home due to failure to make payments on a loan secured by a deed of trust.  He argues that the foreclosure was fraudulent because there was no evidence of an underlying debt and because the bank foreclosing on the property was not the original lender.  These

---

\*        Entered under Alaska Appellate Rule 214.

arguments lack merit. Seeing no error in the superior court's ruling, we affirm its judgment.

## II. FACTS AND PROCEEDINGS

### A. Facts

In August 2019 Clinton Hiler entered a loan agreement with National Bank of Kansas City (NBKC) to finance the purchase of real property in Willow for $128,000. The loan was guaranteed by the Department of Veterans Affairs and secured by a deed of trust.[1] The deed of trust identified Mat-Su Title Agency, LLC as trustee and Mortgage Electronic Registration System (MERS) as the beneficiary and nominee for NBKC Bank. The deed of trust granted MERS the power to sell the property should Hiler default on his monthly loan payments.

In September NBKC Bank assigned the loan to U.S. Bank and notified Hiler of the assignment. Hiler was instructed to send his monthly loan payments to U.S. Bank. But Hiler soon failed to make these payments. Later in December, MERS assigned the deed of trust to U.S. Bank, and the assignment was recorded.

In April 2022 Hiler was notified of his payment default and of U.S. Bank's intent to begin foreclosure on the property. In August 2022 U.S. Bank sold the property for $152,537.18.

Hiler filed a complaint in superior court seeking to quiet title to the property. He alleged that the foreclosure was fraudulent and that he owned the property under a theory of adverse possession. At some point after filing suit, Hiler was forcibly removed from the property by writ of assistance.

---

[1] A deed of trust is "a security device, which transfers legal title from a property owner to one or more trustees to be held for the benefit of a beneficiary," which "at the time of origination is the lender." 54A AM. JUR. 2D *Mortgages* § 109 (2025). "[M]ortgages and deeds of trust are virtually identical . . . ." *See Young v. Embley*, 143 P.3d 936, 942 (Alaska 2006).

**B.    Proceedings**

U.S. Bank moved for summary judgment in its favor. It argued that Hiler's adverse possession claim failed because he did not possess the land for the statutory period and without the true owner's permission. It disputed Hiler's allegation that the foreclosure sale was fraudulent and maintained that it had complied with the legal requirements for a valid foreclosure sale.

Hiler opposed summary judgment. He maintained that he signed a "draft," not a "note," and that U.S. Bank lacked "standing" to foreclose on the property because it was not his original lender.

The superior court granted summary judgment in favor of U.S. Bank. The court ruled that the adverse possession claim failed as a matter of law because Hiler did not possess the property for the minimum statutory time period. As to Hiler's fraudulent foreclosure claim, the court ruled that there was undisputed evidence that Hiler signed a promissory note obliging him to repay a loan secured by a deed of trust on the property. The court also ruled there was undisputed evidence that Hiler received adequate notice of the default but did not cure it. The superior court concluded that, given the undisputed facts, the nonjudicial foreclosure was lawful.

Hiler moved for reconsideration of the fraudulent foreclosure claim. The court denied the motion. The superior court entered final judgment and dismissed Hiler's complaint with prejudice.

Hiler appeals.

## III.    DISCUSSION

On appeal Hiler challenges the superior court's summary judgment in favor of U.S. Bank, which upheld the nonjudicial foreclosure. His arguments are difficult to discern, and many of them are waived due to inadequate briefing.[2] The core

---

[2]    We also note that, despite arguing a theory of adverse possession to the superior court, Hiler has not made this argument on appeal.

of his argument is that the foreclosure was invalid due to defects in the underlying loan and deed of trust. But these arguments lack merit, so we affirm the superior court's judgment.[3]

### A. Hiler's Challenges To The Loan And To U.S. Bank's Right To Foreclose Lack Merit.

Hiler argues that he was never directly loaned or given money, so there was no basis for foreclosure. This argument is contrary to our decision in *Hooks v. Alaska USA Federal Credit Union*, which held that "the transfer of money to a third party . . . can serve as a valid basis for an enforceable loan."[4] It is undisputed that Hiler obtained a loan from NBKC Bank in the principal amount of $128,000, allowing him to purchase the property in question, subject to a deed of trust. The bank's transfer of funds to the seller of the property in exchange for transfer of title is a valid basis for the loan.

Hiler argues that the promissory note was not negotiable because it was not signed by the lender. This too is contrary to *Hooks*. In that case we deemed meritless an argument that "the deed of trust was invalid because [the lender's] agent did not sign it during the origination process."[5] "[O]ur statutes governing conveyances of interests in land and deeds of trust do not indicate a deed of trust must be signed by a lender in order to be valid."[6]

---

[3] Hiler frames many of his arguments as challenges to the superior court's denial of his motion for reconsideration. Because his motion for reconsideration reprised many of the same arguments the court rejected when granting summary judgment to U.S. Bank, we simply review these arguments directly on the merits. *See Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994) (addressing merits when appeal of denial of motion for reconsideration "presents the merits of the superior court's grant of summary judgment").

[4] 413 P.3d 1192, 1196 (Alaska 2018).

[5] *Id.*

[6] *Id.* at 1196-97 (citations omitted).

Hiler also argues that U.S. Bank lacked authority (or "standing") to enforce the promissory note and foreclose on the home because NBKC, and not U.S. Bank, was his lender. Hiler is mistaken. The deed of trust authorized NBKC to assign its rights. NBKC did so, assigning its interest to U.S. Bank. Hiler was notified of the assignment. Therefore, U.S. Bank had authority to initiate foreclosure when Hiler did not make his monthly payments.

Finally, Hiler argues that MERS cannot be the beneficiary of a deed of trust because it is a "machine." But we have previously upheld the authority of MERS, as nominal holder of the beneficial interest in a deed of trust, to "take any action that the actual beneficiary could have taken, including transferring its nominal beneficial interest to another party."[7] Because the deed of trust nominated MERS as the beneficiary and gave it authority to assign its interest, its assignment to U.S. Bank was valid.

For these reasons, we see no error in the superior court's decision to uphold the validity of the foreclosure sale.

**B.    Hiler Failed To Preserve An Argument About Increased Monthly Payments, And We See No Plain Error.**

Hiler argues that U.S. Bank unlawfully changed the amount of his monthly payment on the note. He did not raise this argument in response to U.S. Bank's summary judgment briefing, so U.S. Bank had no opportunity to respond, and there is no ruling from the superior court for us to review on this point. Therefore, we review the issue only for plain error. "Plain error exists where 'an obvious mistake has been made which creates a high likelihood that injustice has resulted.' "[8]

---

[7]    *Espeland v. OneWest Bank, FSB*, 323 P.3d 2, 12 (Alaska 2014).

[8]    *Laughlin v. Laughlin*, 229 P.3d 1002, 1005 (Alaska 2010) (quoting *In re Estate of Fields*, 219 P.3d 995, 1011 (Alaska 2009)).

We see no obvious mistake. Hiler's promissory note allowed for additional charges for past-due payments and changes in escrow. Because Hiler did not make his monthly payments, it is possible that the alleged payment increase was a lawful charge based on his failure to make earlier payments.

## C. Hiler Has Waived Any Other Arguments Due To Inadequate Briefing.

Hiler's brief makes reference to a land patent, to a securitization audit, and to being threatened with arrest if he did not leave the property after the foreclosure sale took place. But he does not adequately explain how these points relate to the validity of the foreclosure sale. He also cites a provision of federal law that prohibits a national bank from making "any loan or discount on the security of the shares of its own capital stock."[9] But he does not explain this argument or identify any facts suggesting that his home loan was made on the shares of the bank's own capital stock. Although we apply a more lenient briefing standard to self-represented litigants, their briefs must be clear enough to allow us to discern their legal arguments.[10] Because we cannot discern the basis for the arguments noted above, they are waived, and we do not address them.

## IV. CONCLUSION

We AFFIRM the judgment of the superior court.

---

[9] 12 U.S.C. § 83(a).

[10] *Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017).